IN THE DISTRICT COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

CHRISTIANN A. PERRY,                )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )
                                    )
CKE RESTAURANTS, INC., a            )
Delaware Corporation d/b/a          )
CARL'S JR., also d/b/a              )
HARDEE'S, also d/b/a LA             )
SALSA FRESH MEXICAN GRILL,          )
also d/b/a GREEN BURRITO,           )
and MURLON S. ZEPEDA,               )
                                    )
            Defendants.             )
_____)  Case No. 3AN-07-04451 CI

## COMPLAINT

COMES NOW the plaintiff, CHRISTIANN A. PERRY, by and through her attorneys, the LAW OFFICES OF STEVE SIMS, and for her complaint against defendants CKE RESTAURANTS, INC., a Delaware Corporation d/b/a CARL'S JR., also d/b/a HARDEE'S, also d/b/a LA SALSA FRESH MEXICAN GRILL, also d/b/a GREEN BURRITO, and MURLON S. ZEPEDA, does state and allege as follows:

1. That at all times material hereto, plaintiff CHRISTIANN PERRY (hereinafter PERRY) was and is a resident of Anchorage, Alaska.

2. That defendant MURLON S. ZEPEDA (hereinafter ZEPEDA) was the proximate cause of a motor vehicle collision on or near the off-ramp of Minnesota Avenue to Dimond Boulevard on February 15, 2005.

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2351\01 COMPLAINT2
Perry v. CKE Restaurants Inc. et al.
Page 1

EXHIBIT A
Page 1 of 8

3. That at all times material hereto, defendant CKE RESTAURANTS, INC., a Delaware Corporation d/b/a CARL'S JR., also d/b/a HARDEE'S, also d/b/a LA SALSA FRESH MEXICAN GRILL, also d/b/a GREEN BURRITO (hereinafter CKE Restaurants, Inc.) was a Delaware Corporation doing business in Alaska as CARL'S JR.

4. That defendant CKE RESTAURANTS, INC. is liable for the acts or failure to act of defendant ZEPEDA when defendant ZEPEDA's vehicle struck plaintiff PERRY's vehicle on February 15, 2005 under the laws of agency, respondeat superior, and vicarious liability.

5. That each defendant is liable to plaintiff PERRY under the laws of respondeat superior and/or the laws of agency and/or the laws of vicarious liability.

6. That Carl's Jr. is a trade name of CKE RESTAURANTS, INC.

7. That Carl's Jr. is not an LLC.

8. That Carl's Jr. is not a partnership.

9. That Carl's Jr. is not a corporation.

10. That at all times material hereto, defendant ZEPEDA was an employee of defendant CKE RESTAURANTS, INC.

11. That defendant ZEPEDA was an employee of defendant CKE RESTAURANTS, INC. at the time of the collision on February 15, 2005.

12. That defendant ZEPEDA was an employee of Carl's Jr. at the time of the collision on February 15, 2005.

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2351\01 COMPLAINT2
Perry v. CKE Restaurants Inc. et al.
Page 2

EXHIBIT A
Page 2 of 8

13. That defendant ZEPEDA was acting in the course and scope of his employment with Defendant CKE RESTAURANTS, INC. at the time and place of the collision on February 15, 2005.

14. That defendant Zepeda was acting in the course and scope of his employment with Carl's Jr. at the time and place of the collision on February 15, 2005.

15. That defendant ZEPEDA was under defendant CKE RESTAURANTS, INC.'s control at the time and place of the collision on February 15, 2005.

16. That defendant ZEPEDA was under Carl's Jr.'s control at the time and place of the collision on February 15, 2005.

17. That defendant ZEPEDA was acting in furtherance of defendant CKE RESTAURANTS, INC.'s interest at the time and place of the collision on February 15, 2005.

18. That defendant ZEPEDA was acting in furtherance of Carl's Jr.'s interest at the time and place of the collision on February 15, 2005.

19. That on information and belief Carl's Jr. is a subsidiary of CKE RESTAURANTS, INC.

20. That on information and belief Carl's Jr. was a subsidiary of CKE RESTAURANTS, INC. at the time of the February 15, 2005 collision.

21. That on information and belief Carl's Jr. is run and/or controlled by CKE RESTAURANTS, INC.

22. That on information and belief Carl's Jr. was run

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2351\01 COMPLAINT2
Perry v. CKE Restaurants Inc. et al.
Page 3

and/or controlled by CKE RESTAURANTS, INC. at the time of the February 15, 2005 collision.

23. That defendant CKE RESTAURANTS, INC. is liable for the acts or failure to act of defendant Zepeda at the time and place of defendant ZEPEDA's collision with plaintiff PERRY on February 15, 2005.

24. That on belief defendant ZEPEDA applied for workers compensation as a result of this motor vehicle collision of February 15, 2005.

25. That on belief defendant ZEPEDA received workers compensation as a result of this motor vehicle collision of February 15, 2005.

26. That defendant CKE RESTAURANTS, INC. and/or Carl's Jr. needs to produce defendant ZEPEDA's personnel file in the initial disclosures and worker's compensation files if they deny responsibility for defendant ZEPEDA's acts.

27. That the negligence of defendant ZEPEDA was a substantial factor in causing harm to plaintiff PERRY.

28. That each of the defendants is liable to plaintiff PERRY under the laws of joint venture and/or enterprise liability and/or joint enterprise and/or partnership, and/or parent subsidiary liability.

29. That at all times material hereto, Corporation Service Company was and is the registered agent of CKE RESTAURANTS, INC. per **Exhibit 1** attached hereto.

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2351\01 COMPLAINT2
Perry v. CKE Restaurants Inc. et al.
Page 4

EXHIBIT A
Page 4 of 8

30. That the address to which service of process should be made for CKE RESTAURANTS, INC. is CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 per **Exhibit 1** attached hereto.

31. That on or about February 15, 2005, defendant ZEPEDA negligently and/or recklessly and/or intentionally operated a 2004 Pontiac Grand Am, Alaska license No. ENN-752, on or about the off-ramp of Minnesota Avenue onto Dimond Blvd. in Anchorage, Alaska colliding with the vehicle driven by CHRISTIANN A. PERRY, thereby causing injury to plaintiff Perry for which defendants are liable.

32. That defendants are liable for past and/or future: medical expense, wage loss, loss of employment benefits, loss of household non-market services, diminished earning capacity, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages to be more fully set forth at trial, all in an amount not in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, the exact amount to be set by the trier of fact.

33. That defendants are liable for negligence, and/or recklessness, and/or negligence per se, and/or recklessness per se for violation among other things of

```
AMC 09.16.080(B)
AMC 09.16.090(A)
AMC 09.16.100
AMC 09.16.140(B)
```

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2351\01 COMPLAINT2
Perry v. CKE Restaurants Inc. et al.
Page 5

EXHIBIT A
Page 5 of 6

```
AMC 09.26.010
AMC 09.28.010(A)and/or(B)and/or(C)
AMC 09.28.015
AMC 09.36.220
AS 11.41.200(a)(1) and/or (a)(3)
AS 11.41.210(a)(1) and/or (a)(2)
AS 11.41.220(a)(1)(A), and/or (a)(1)(B), and/or (a)(4)
AS 11.41.230(a)(1), and/or (a)(2), and/or (a)(3)
AS 11.41.250(a)
AS 28.35.400(a)
AS 28.35.410(a)(1) and/or (a)(4)
```

34. That the above violations are evidence of negligence per se and/or recklessness per se.

35. That defendant ZEPEDA caused a collision involving substantial property damage to the vehicle involved and caused injury to all people occupying the vehicle, and the medicals of all people involved in this collision are relevant to this case and need to be produced in the Initial Disclosure as well as all photographs of the vehicle and all property damage estimates of the vehicle and evidence of property damage adjustment.

36. That the investigating police officer cited defendant ZEPEDA for failing to drive at a safe speed under certain hazardous conditions in violation of AMC 9.26.010.

37. That defendant ZEPEDA failed to drive at a safe speed under certain hazardous conditions in violation of AMC 9.26.010.

38. That on information and belief, defendant ZEPEDA pled no contest and/or guilty, and was adjudged guilty of failing to yield in violation of AMC 9.26.010.

39. That defendants need to produce the tickets and all documents showing its disposition including court files pursuant

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2351\01 COMPLAINT2
Perry v. CKE Restaurants Inc. et al.
Page 6

EXHIBIT A
Page 6 of 8

to Initial Disclosure Rule 26(a)(1)(B)(C) and (D).

40. That plaintiff PERRY was not negligent in the collision.

41. That plaintiff PERRY was not at fault in the collision.

42. That defendants have paid none of plaintiff PERRY's medical bills.

43. That defendant ZEPEDA is one hundred percent at fault for causing the collision.

44. That defendant ZEPEDA is liable for assault and/or battery.

45. That defendants are liable for plaintiff's full reasonable attorney fees per AS 09.60.070(a) and (c)(4).

46. That on information and belief, defendants through their agents have exchanged documents through Arbitration Forums, Inc. and/or intercompany arbitration which admit liability for the collision and obligation to pay plaintiff's medicals and/or property damage and those documents need to be produced in Initial Disclosures pursuant to Civil Rule 26(a)(1)(B),(D) and (E).

47. That defendant ZEPEDA is liable for exemplary or punitive damages, for reckless disregard, and/or willful disregard, and/or wanton disregard for plaintiff's safety and for outrageous conduct, reckless indifference and conscious action and deliberate disregard for plaintiff's interests and the

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 275-5858
Fax (907) 276-5817

2351\01 COMPLAINT2
Perry v. CKE Restaurants Inc. et al.
Page 7

EXHIBIT A
Page 7 of 8

interests of others in an amount the trier of fact deems just.

48. That the defendants' conduct 1) was outrageous, including acts done with malice or bad motives; or 2) evidenced reckless indifference to the interest of another person.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendants for an amount not in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 17th day of January, 2007.

LAW OFFICES OF STEVE SIMS
Attorneys for Plaintiff

By: _____
ZACH MANZELLA
ABA No. 0305012

Law Offices of
STEVE M. SIMS
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

2351\01 COMPLAINT2
Perry v. CKE Restaurants Inc. et al.
Page 8

EXHIBIT A
Page 8 of 9